UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**THERESA L. GLENN**                                          **CIVIL ACTION**

**VERSUS**                                                    **NO. 21-1691**

**BITCO GENERAL INSURANCE**                                   **SECTION "B"(5)**
**COMPANY, ET AL.**

ORDER AND REASONS

Before the Court are defendant Bitco General Insurance Corporation ("Bitco")'s notice of removal (Rec. Doc. 1), plaintiff Theresa L. Glenn's motion to remand (Rec. Doc. 8), defendants' memorandum in opposition to plaintiff's motion to remand (Rec. Doc. 9), and plaintiff's reply in support of her motion to remand (Rec. Doc. 12).

For the following reasons,

**IT IS ORDERED** that the motion to remand (Rec. Doc. 8) is **DENIED**.

I.  FACTS AND PROCEDURAL HISTORY

This action arises from a motor vehicle accident that occurred on June 18, 2020. Rec. Doc. 1-2 at 3. In June 2021, plaintiff Theresa L. Glenn filed suit against defendants in state court alleging negligence and personal injury. Rec. Doc. 1-1 at 5-6. The parties subsequently exchanged discovery and responses. Rec. Doc. 8-1 at 2. On August 19, 2021, defendants received a response from

1

plaintiff admitting the amount in controversy exceeded $75,000. *Id.* Defendants then filed a notice of removal on September 14, 2021 under diversity jurisdiction. Rec. Doc. 1; *see also* Rec. Doc. 1-1 at 1-2. The next day, the Clerk of Court issued a directive pursuant to 28 U.S.C. § 1447(b) requiring plaintiff to file "(1) A list of all parties still remaining in this action; (2) Copies of all pleadings, including answers, filed by those parties in state court; and (3) copies of the return on service of process on those parties filed in state court." Rec. Doc. 5. Defendants were ordered to produce the documents "within 14 days," or in this case, by September 29, 2021. *Id.* Defendants complied with the directive on September 28, 2021. Rec. Doc. 7. Plaintiff subsequently filed this instant motion (Rec. Doc. 8) and defendants responded shortly thereafter (Rec. Doc. 9).

II. **LAW AND ANALYSIS**

   **A. Removal Standard**

   Pursuant to 28 U.S.C. § 1446(a), which governs the procedure for removal of civil actions to federal court,

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, *together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.*

(emphasis added). A motion to remand on the basis of any defect other than jurisdictional defect "must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

    **B.   A Slight Procedural Defect Does Not Require Remand**

Although certain procedural defects, such as failure to remove the case within the thirty-day removal period, cannot be cured, failure to file one of the required state court papers is a procedural defect that courts have often permitted the removing party to cure. *Compare Baych v. Douglass*, 277 F. Supp. 2d 620, 621-22 (E.D. Tex. 2002), *with James J. Flanagan Shipping Corp. v. Mediterranean Shipping Co., S.A.*, 499 F. Supp. 2d 710, 712 (E.D. Tex. 2007), *Maudlin v. Allstate Ins. Co.*, 757 F. App'x 304, 308 (5th Cir. 2018) (failure to file four documents were procedural defects "and do not require remand"), *and Ard v. HHF Beechgrove P'ship, Ltd.*, No. 16-16563, 2017 WL 991531, at *2 (E.D. La. Mar. 15, 2017) ("[R]emand based on [defendant's] failure to include a one page motion and order form state court is not appropriate."). When a defendant does not file a required document with its notice of removal, "the appropriate remedy" is "to supplement the record with those missing documents." *Mohler v. Geico Gen. Ins. Co.*, No.

19-864-BAJ-RLB, 2020 WL 2516053, at *4 (M.D. La. Apr. 16, 2020); *see also James J. Flanagan*, 499 F. Supp. 2d at 712 (citing *Covington v. Indem. Ins. Co. of N. Am.*, 251 F.2d 930, 933 (5th Cir. 1958) ("[D]ocuments lacking from the original removal record may be later supplied.").

Here, plaintiff argues that defendants neglected to file plaintiff's opposition to defendants' no cause of action with its notice of removal, as well as a copy of all process. Rec. Doc. 12 at 2. However, this error does not require remand. *See, e.g., Mauldin*, 757 F. App'x at 308. "[C]ourts often allow removing defendants, or other parties, to cure failures to file with the district court all process, pleadings, and orders served upon the defendants in state court." 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3739.2 (4th ed. 2021). In this case, defendants already cured their minor defect by filing the missing documents with this Court on November 28, 2021. *See* Rec. Doc. 7-1. Plaintiff argues that this cure must occur within the thirty-day removal period, but that is not necessarily the case. *See, e.g., Ard*, 2017 WL 991531, at *1-*2 (allowing defendant to cure procedural defect after the thirty-day removal period). As there is no dispute that this case is otherwise removable, and plaintiff does not claim she has been prejudiced by defendants' failure to file the required papers, the Court concludes that the omission of a copy of these few documents is merely a procedural

4

error with no impact on jurisdiction. *See* Rec. Doc. 8-1 at 8. Thus, remand is inappropriate at this time.

New Orleans, Louisiana this 14th day of December, 2021

                                                                                  *[signature]*
                                      SENIOR UNITED STATES DISTRICT JUDGE